VEDDER PRICE P.C.
Michael Goettig
1633 Broadway, 47th Floor
New York, New York 10019
(212) 407-7700
*Attorneys for Plaintiff*
*AAR PARTS TRADING, INC.*

**JUDGE SWAIN**

**12 CV 4329**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AAR PARTS TRADING, INC., <br><br> Plaintiff, <br><br> -against- <br><br> EVERGREEN INTERNATIONAL AIRLINES, INC., <br><br> Defendant. | Case No. 12-CV- <br><br> ECF CASE |



**COMPLAINT**
**FOR BREACH OF CONTRACT**

Plaintiff AAR Parts Trading, Inc. ("AAR" or "Plaintiff"), by and through its counsel and for its Complaint for Breach of Contract ("Complaint") against defendant Evergreen International Airlines, Inc. ("Evergreen" or "Defendant"), hereby states as follows:

**THE PARTIES**

1. AAR is an Illinois corporation authorized to do business in New York with a principal place of business at One AAR Place, 1100 N. Wood Dale Road, Wood Dale, Illinois 60191.

2. Upon information and belief, Evergreen is an Oregon corporation authorized to do business in New York with a principal place of business at 3850 Three Mile Lane, McMinnville, Oregon 97128.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

4. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5. This Court has personal jurisdiction over Evergreen pursuant to Section 5-1402 of the New York General Obligations Law in that Evergreen has consented to the jurisdiction of any state or federal court located in the State of New York.

6. Venue in this District is proper pursuant to the express forum selection clause contained within the operative agreement.

## GENERAL ALLEGATIONS

### The Lease Agreements

7. This case arises from Defendant's failure to fulfill its obligations in connection with the parties' agreement concerning the lease of an aircraft engine.

8. On or about November 14, 2001, Plaintiff and Defendant entered into a certain General Terms Engine Lease Agreement designated Contract Number 25454 (the "GTA"), in which Plaintiff and Defendant agreed to certain terms which govern any leases Defendant entered into with Plaintiff for the lease of aircraft engines. True and correct copies of the GTA and the three amendments thereto are attached hereto and incorporated by reference herein as **Exhibit A**. While certain passages of the GTA have been redacted to protect confidential and sensitive information, AAR is prepared to submit a complete copy of the GTA for the Court's *in camera* review upon request.

9. Under the GTA, Defendant and Plaintiff acknowledged and irrevocably consented and submitted to the jurisdiction of any New York state or federal court in any suit, action, or proceeding arising out of or in connection with the GTA or any lease into which Plaintiff and Defendant entered pursuant thereto. (GTA ¶ 25.)

10. Plaintiff and Defendant agreed that the GTA and all leases into which Plaintiff and Defendant entered pursuant thereto are to be construed in accordance with the laws of New York. (GTA ¶ 24.)

11. Plaintiff and Defendant agreed that the prevailing party in any litigation to enforce the terms of the GTA is entitled to recover its reasonable and actual attorney's fees from the losing party. (GTA ¶ 28(h).)

### Lease No. 29400

12. Pursuant to the GTA, on or about May 3, 2011, Plaintiff and Defendant entered into a certain Aircraft Engine Lease Agreement designated Contract Number 29400 (as amended, restated, supplemented or otherwise modified, referred to herein as "Lease No. 29400"), pursuant to which Defendant agreed to lease from Plaintiff a certain aircraft engine bearing the serial number 517839 (the "Leased Engine"). True and correct copies of Lease No. 29400 and the amendment thereto are attached hereto and incorporated by reference herein as **Exhibit B**. While certain passages of Lease No. 29400 have been redacted to protect confidential and sensitive information, AAR is prepared to submit a complete copy of Lease No. 29400 for the Court's *in camera* review upon request.

13. Lease No. 29400 incorporates the terms of the GTA by reference. (Lease No. 29400, ¶ I.)

14. Under Lease No. 29400, Defendant agreed to pay daily rent to Plaintiff, commencing from the date of delivery of the Leased Engine to Defendant and continuing until

January 15, 2012 ("Lease No. 29400 Daily Rent").  (GTA, ¶ 4(a)(ii); Lease No. 29400, Exhibit AA, ¶ A.)

15.     Under Lease No. 29400, Defendant agreed to pay a use fee to Plaintiff for each hour of the Leased Engine operation or fraction thereof, or each cycle of operation, whichever is greater, from January 15, 2012 until return of the Leased Engine to AAR ("Lease No. 29400 Use Fee").  (GTA, ¶ 4(a)(iii); Lease No. 29400, First Amendment, ¶ 2.)

16.     Under Lease No. 29400, Defendant and Plaintiff agreed that interest on any installment of either the Lease No. 29400 Daily Rent or Lease No. 29400 Use Fee not paid when due would accrue at the annual rate of Prime plus five percent (5%).  (GTA ¶ 4(e).)

17.     Under Lease No. 29400, Defendant and Plaintiff agreed that Defendant's failure to, *inter alia*, make any payment of Lease No. 29400 Daily Rent or Lease No. 29400 Use Fee would constitute an event of default.  (GTA, ¶ 19(a)(i).)

18.     Under Lease No. 29400, Defendant and Plaintiff agreed that, if an event of default occurred, Plaintiff could, without notice to Defendant, take immediate possession of the Leased Engine.  (GTA, ¶ 20(a).)

19.     Under Lease No. 29400, Defendant and Plaintiff agreed that, if an event of default occurred, Plaintiff could also terminate Lease No. 29400, thereby triggering Defendant's duty to return the Leased Engine to Plaintiff's facility at Wood Dale, Illinois.  (GTA, ¶¶ 19(a), 18(b); Lease No. 29400, ¶ III.)

## Default Under Lease No. 29400

20.     From May 2011 to the present, Plaintiff rendered periodic invoices for the amounts that were due and owing pursuant to the terms of Lease No. 29400.

21.     Defendant received and retained these invoices without objection.

22.     From May 2011 to September 2011, Defendant paid the amounts that were due and owing pursuant to the terms of Lease No. 29400.

23.     Beginning in October 2011, Defendant failed to pay the amounts owed pursuant to the terms of the Lease No. 29400 when those payments came due.

24.     By letter dated April 27, 2012 (the "Notice of Default"), Plaintiff notified Defendant of its default under the terms of Lease No. 29400, notified Defendant that it was terminating Lease No. 29400 pursuant to the terms of the GTA. A true and correct copy of the Notice of Default is attached hereto and incorporated by reference herein as **Exhibit C**.

25.     In the Notice of Default, Plaintiff demanded the immediate payment of the amounts due and owing under Lease No. 29400 (the "Past Due Amount") and the delivery of the Leased Engine to Plaintiff's facility at Wood Dale, Illinois by May 4, 2012.

26.     Despite Plaintiff's demands, Defendant has refused, and continues to refuse, to pay the Past Due Amount.

27.     Despite Plaintiff's demands, Defendant has refused and continues to refuse to return the Leased Engine.

## COUNT I – BREACH OF LEASE NO. 29400

28.     Plaintiff restates and realleges Paragraph Nos. 1 through 27 as and for this Paragraph No. 28 of Count I.

29.     Lease No. 29400 is a valid and legally enforceable contract that Defendant entered into freely and without duress.

30.     Defendant defaulted under the terms of Lease No. 29400 by failing to make payments to Plaintiff when those payments came due, as more fully detailed above.

31. Plaintiff has at all times performed and fulfilled any obligations under Lease No. 29400, and all conditions precedent to this claim have been performed, satisfied and/or waived.

32. Plaintiff has been damaged as a result of Defendant's breaches.

WHEREFORE, on Count I, Plaintiff AAR Parts Trading, Inc. demands judgment against Defendant Evergreen International Airlines, Inc. in the amount of not less than $349,189.00 as of May 29, 2012, plus Prime plus five percent interest accruing thereon, any and all additional Lease No. 29400 Use Fees accrued prior to return of the Leased Engine, reasonable and actual attorneys' fees and costs incurred by AAR Parts Trading, Inc. in pursuing its rights, all further and additional amounts as allowed under Lease No. 29400, and such other and further relief as this Court shall deem just and appropriate.

## COUNT II – ACCOUNTS STATED

33. Plaintiff restates and realleges Paragraph Nos. 1 through 32 as and for this Paragraph No. 33 of Count II.

34. Defendant is indebted to Plaintiff according to accounts stated from May 2011 to the present.

35. Defendant has received and retained the benefit and use of the engine for the consideration of the amounts set forth in the accounts stated without objection.

36. Defendant has refused and continues to refuse to pay the amounts reflected in the accounts stated.

37. By reason of the foregoing, Plaintiff has been damaged as a result of Defendant's conduct.

WHEREFORE, on Count II, Plaintiff AAR Parts Trading, Inc. demands judgment against Defendant Evergreen International Airlines, Inc. in the amount of not less than

$349,189.00 as of May 29, 2012, plus Prime plus five percent interest accruing thereon, any and all additional Lease No. 29400 Use Fees invoiced for use prior to return of the Leased Engine, reasonable and actual attorneys' fees and costs incurred by AAR Parts Trading, Inc. in pursuing its rights, all further and additional amounts as allowed under Lease No. 29400, and such other and further relief as this Court shall deem just and appropriate.

## COUNT III – TURNOVER/REPLEVIN OF LEASED ENGINE

38. Plaintiff restates and realleges Paragraph Nos. 1 through 37 as and for this Paragraph No. 38 of Count III.

39. Under the terms of Lease No. 29400, Defendant can retain possession of the Leased Engine only so long as Defendant complies with the obligations thereunder.

40. Defendant continues to use the Leased Engine and refuses to return the Leased Engine to Plaintiff.

41. Upon information and belief, the Leased Engine is currently in the possession of Defendant and is located at John F. Kennedy International Airport in New York.

42. The terms of the GTA and Lease No. 29400 provide that, upon Defendant's default thereunder, Plaintiff is entitled to enter upon the premises where the Leased Engine is located and take immediate possession of and remove the Leased Engine.

43. Because Defendant is currently in default under Lease No. 29400 as set forth in Count I, and because Plaintiff has terminated Lease No. 29400 by delivery of the Notice of Default to Defendant, Plaintiff is entitled to immediate possession of the Leased Engine.

44. Although Plaintiff has demanded that Defendant surrender possession of the Leased Engine, Defendant continues to withhold possession of the Leased Engine in violation of Plaintiff's right to possession of the Leased Engine. This Complaint, in addition to all prior

demands, constitutes a demand upon Defendant to immediately surrender the Leased Engine under the terms of the GTA, Lease No. 29400 and applicable law.

45. The Leased Engine is an aircraft engine, and may be easily moved, destroyed and/or damaged.

46. Defendant is retaining possession of the Leased Engine over Plaintiff's objection, and such retention will cause its value to depreciate, which further threatens the value of the Leased Engine.

47. Upon information and belief, and assuming normal wear and tear, the gross fair market value of the Leased Engine is 1.9 million dollars ($1,900,000.00), but may be worth less if sold in a forced liquidation and depending on its present condition.

48. Upon information and belief, Defendant has no defenses to Plaintiff's claim with respect to the Leased Engine.

49. By reason of the foregoing, Plaintiff has been damaged and is entitled to an order and judgment of this Court granting it immediate possession of the Leased Engine and for an order that Defendant immediately deliver possession of the Leased Engine directly to Plaintiff under the terms of Lease No. 29400 and applicable law.

50. Plaintiff further seeks an order from this court directing the issuance of an Order of Replevin to enforce Plaintiff's rights under Lease No. 29400 and to recover possession of the Leased Engine. Plaintiff further seeks the inclusion in the Order of Replevin of a provision authorizing the sheriff or other proper official in the jurisdiction in which the Leased Engine is located to break open, enter and search for the Leased Engine, and for such other and further relief as the Court deems just and proper.

WHEREFORE, on Count III, Plaintiff AAR Parts Trading, Inc. demands an order and judgment (i) granting it immediate possession of the Leased Engine, (ii) that Defendant Evergreen International Airlines, Inc. immediately deliver possession of the Leased Engine to Plaintiff, (iii) directing the issuance of a writ of replevin directing a sheriff or other proper official in the jurisdiction in which the Leased Engine is located to seize the Leased Engine and deliver same to Plaintiff.

Dated:  June 1, 2012                                  Respectfully submitted,

                                                      AAR PARTS TRADING, INC.

                                                      By: _____
                                                              One of its Attorneys

Michael Goettig (MG-3771)
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, NY 10019
(212) 407-7700